UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANETTE MOORE aka JANETTE PIERRE-LOUIS,

                      Plaintiff,

-against-

UNITED STATES OF AMERICA,

                      Defendant.

1:19-CV-9760 (JMF)

ORDER OF DISMISSAL

JESSE M. FURMAN, United States District Judge:

Plaintiff brings this *pro se* action, for which she has paid the relevant fees, asserting claims against the United States of America and seeking damages and injunctive relief. The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff's complaint is not very clear. Plaintiff makes allegations about the federal government's failure to remedy various injuries she has suffered in her life, and its failure to address crime, terrorism, and immigration. She seeks damages and injunctive relief.

**DISCUSSION**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). But a plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain her claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege any facts demonstrating that she has filed an administrative claim under the FTCA with a federal government entity for damages. Nor does she allege that she has subsequently received a final written determination before bringing this action, or that it has been more than six months since she has filed such an administrative claim. Accordingly, the Court dismisses Plaintiff's claims as frivolous under the doctrine of sovereign immunity. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as

'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action as frivolous under the doctrine of sovereign immunity.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 31, 2019
       New York, New York

JESSE M. FURMAN
United States District Judge